UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



******************************************************************

| | | |
|---|---|---|
| JEFFREY BRANDT, | * | CIV 04-4184 |
| | * | CR 98-40014 |
| Movant, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

******************************************************************

Jeffrey Brandt ("Brandt") has filed a 28 U.S.C. § 2255 motion to vacate his sentence. He has filed a Motion for Summary Judgment, doc. 30, and an Amended Motion for Summary Judgment, doc. 32. Brandt contends that his federal conviction for failure to pay child support is invalid because the predicate state court order to pay child support was obtained in violation of his right to due process. The government has filed a Motion to Dismiss, doc. 33. For the reasons discussed below, the motion to vacate will be denied.

## BACKGROUND

STATE PROCEEDINGS

In *State ex rel White v. Brandt*, 748 N.W.2d 766 (S.D. 2008), the South Dakota Supreme Court set forth the facts underlying Brandt's child support obligation:

> Brandt and White met in Sioux Falls, South Dakota, where they both resided. They began an intimate relationship but never married. They had a child, C.B., in March of 1992. In February 1993, White applied for benefits from the South Dakota Department of Social Services (DSS) and assigned her right to child support payments to the State.
> On August 30, 1993, Brandt was personally served with a summons and complaint alleging that he was the father of the child and owed $284 in child support per month. The complaint also requested child support arrearages from the time of the child's birth.
> Brandt contacted the Office of Child Support Enforcement (OCSE) and met with the OCSE officer assigned to his case. He said he had been making support

payments to White and requested a DNA test. He also spoke with the legal assistant to an attorney with OCSE and again requested DNA testing. Before DNA testing could be conducted, White left the state. Brandt received a letter from OCSE dated September 3, 1993, informing him that his case was being closed since White had left the state. It also informed him that if White returned to South Dakota and received assistance, the State would again seek reimbursement.

In July of 1994, Brandt moved to Tempe, Arizona. On December 21, 1994, Brandt was personally served at his residence in Arizona with a second summons and complaint. This complaint alleged that Brandt owed $368 per month in child support, plus arrearages.

Brandt did not respond to this complaint and a default judgment was entered on February 21, 1995. The default judgment declared Brandt the biological father of C.B., set his child support at $368 a month, and set the arrearages at $12,572. Instead of mailing the notice of entry of the default judgment to Brandt's Tempe, Arizona residence, it was mailed to 301 South Willow Street in Sioux Falls, South Dakota, his parent's residence. Brandt learned of this judgment, however, because he referenced the order of default judgment in his March 13, 1995, letter to the OCSE, in which he again requested DNA testing. OCSE informed Brandt that it required a court order for DNA testing because a judgment had been issued. Furthermore, Brandt was advised to contact an attorney and that collection of his support obligation would continue.

At some point Brandt moved to Merida, Mexico. One day, Brandt received a phone call from a Federal Bureau of Investigation (FBI) agent who informed him there was a federal felony warrant for his arrest for failure to pay child support. Brandt moved to Sioux Falls, South Dakota in August or September of 2003. Upon his return, he voluntarily turned himself in to the FBI.

On September 12, 2003, Brandt pleaded guilty to violating 18 U.S.C. § 228 for failure to pay lawful child support. He was sentenced in November of 2003 to five years of supervised probation. He was also ordered to pay restitution of $49,123.25 for back child support, in payments of not less than $106 a month.

On September 23, 2003, Brandt petitioned for modification of his child support. In his petition, he noted that he was the parent of C.B. After a hearing in front of a child support referee, his support obligation was reduced to $320 a month.

Brandt filed a motion for relief from the default judgment on March 26, 2007. At the hearing, he argued that the default judgment was void under SDCL 15-6-60(b)(4). He alleged the judgment was void because the State did not give him notice of its application for a default judgment. He argued that he was entitled to notice because he made an appearance in the proceeding by requesting a DNA test from the OCSE officer and the legal assistant to the attorney for OCSE. The circuit court denied his motion. Brandt appeals.

*State ex rel. White v. Brandt*, 748 N.W.2d 766, 769-770 (S.D. 2008).

The South Dakota Supreme Court held that service of the second summons and complaint started a second action and, because Brandt did not appear in the second action, no notice was necessary before the State applied for a default judgment. *See id.* at 771. The Court explained that even if Brandt had made an appearance in the second action, and the State failed to serve notice of the application for default judgment, the default judgment would be voidable, not void, and thus Brandt could not seek relief from the default judgment in a collateral proceeding on the basis that the default judgment was void. *See id.* at 771 n.3. According to the Supreme Court, given that the judgment was not void, the only avenue for relief from the judgment was under SDCL 15-6-60(b)(6), "[a]ny other reason justifying relief from the operation of the judgment." *Id.* at 772. But the motion must be made "within a reasonable time," and the Supreme Court held that waiting twelve years to file the motion for relief from the default judgment was not within a reasonable time. *See id.*

The Court further held that the doctrines of laches and judicial estoppel prevented Brandt from relitigating paternity because he sought relief from the default judgment 12 years after default judgment was entered, he had reaffirmed his paternity in two separate legal proceedings, the courts accepted his assertion that he was biological father, and the State would be precluded from seeking all back child support if the alleged actual father could be located. *See id.* at 772-773.

FEDERAL PROCEEDINGS

An Information was filed on January 30, 1998, charging Brandt with a misdemeanor failure to pay legal child support offense in violation of 18 U.S.C. § 228. Brandt was arrested on September 11, 2003. On that same day, Brandt made an initial appearance before Magistrate Judge John Simko, counsel was appointed, and Brandt pleaded guilty to the misdemeanor charge in the Information. On November 17, 2003, Brandt was sentenced to 5 years probation and restitution was ordered.

On June 4, 2004, Identity Genetics, Inc. issued a report concluding that Brandt is not the child's father based on an analysis of DNA from Brandt, the mother and the child.

On November 16, 2004, Brandt filed this timely § 2255 motion. It was served on the government in February of 2005. Before the government responded to the § 2255 motion, Brandt filed a motion to dismiss the § 2255 without prejudice, indicating that he was proceeding with an action in state court to vacate the child support judgment. This Court stayed the § 2255 rather than dismiss it due to concerns about the one-year statute of limitations for § 2255 motions.

The parties provided the Court with status updates, and the Court continued the stay until the South Dakota Supreme Court issued its decision in *State ex rel. White v. Brandt*. After the Supreme Court affirmed the lower court's refusal to set aside the child support judgment, this Court lifted the stay and directed Brandt to withdraw his § 2255 motion or to provide a legal basis for proceeding with it.

On March 26, 2009, Brandt filed a Motion for Summary Judgment. He contends that the child support obligation was obtained in violation of his right to due process, and that it is void because the State failed to give him notice of the application for a judgment by default. Brandt also argues that the judgment has inflicted extreme hardship on him because it resulted in the federal criminal conviction, a sentence of probation, and payment of restitution and child support. Brandt points out that the DNA test has excluded him as the biological father of the child, but Brandt rightfully does not assert this fact entitles him to § 2255 relief. Brandt likely is aware that parentage is not an essential element of failure to pay child support under 18 U.S.C. § 228.

Rather than responding to Brandt's Motion for Summary Judgment, the government filed a Motion to Dismiss, arguing that Brandt's challenge to his federal conviction is moot based on the decision in *State ex rel. White v. Brandt*.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. An evidentiary hearing is not warranted if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Brandt's claim involves a legal question and does not require the introduction of evidence outside the record, so an evidentiary hearing is not required.

This Court was unable to find another § 2255 case involving a challenge to the constitutionality of an underlying state child support obligation. The Court believes this situation is analogous, however, to cases involving sentence enhancements under the Armed Career Criminal Act ("ACCA"). In *Custis* v. *United States*, 511 U.S. 485 (1994), the Supreme Court held that a federal defendant could not, at his federal sentencing hearing, collaterally attack the validity of a prior state court conviction used to enhance his federal sentence under the ACCA unless the state conviction was obtained in violation of the defendant's right to counsel. *See id.* at 497. The Court recognized, however, that a federal defendant could attack his state sentence in state court or through federal habeas review, and, if successful, "he may then apply for reopening of any federal sentence enhanced by the state sentences." *Id.* Later, in *Daniels* v. *United States*, 532 U.S. 374 (2001), the Supreme Court held that a defendant may not challenge, in a § 2255 motion, a prior state court conviction used to enhance his federal sentence under the ACCA unless the state conviction was obtained in violation of the defendant's right to counsel. *See id.* at 382. The Court noted that "[a]fter an enhanced federal sentence has been imposed pursuant to the ACCA, the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction." *Id.* The Court acknowledged that a prisoner could proceed under § 2255 after successful review of the prior state conviction on federal habeas under § 2254, or after favorable resort to any postconviction process available under state law. *Id.* at 381. Finally, in *Johnson* v. *United States*, 544 U.S. 295 (2005), the Supreme Court held that, for a § 2255 motion attacking a federal sentence on the ground that a state conviction used to enhance that sentence had since been vacated, the one-year statute of limitations set forth in § 2255(f)(4) begins to run "when a petitioner receives

5

notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." *Id.* at 298. The Court stated that "[n]either the enhancement provision of the Sentencing Guidelines applied here, nor the mandatory enhancement under the [ACCA] has been read to mean that the validity of a prior conviction supporting an enhanced federal sentence is beyond challenge." *Id.* at 303. "Our cases applying these provisions assume the contrary, that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Id.* (citing *Custis* and *Daniels* ).

Applying the reasoning of *Custis*, *Daniels* and *Johnson* to the present case, the Court concludes that Brandt might have been entitled to relief in this case if his challenge to the state child support obligation had been successful and the South Dakota courts had determined that the judgment was obtained in violation of Brandt's constitutional rights. The default judgment against Brandt was, however, upheld by the highest court in South Dakota despite the same claims Brandt makes in this action, and this Court must give the same preclusive effect to the state court decision that the decision would be given in the courts of South Dakota. *See* 28 U.S.C. § 1738; *SDDS, Inc. v. State of South Dakota*, 994 F.2d 486, 491-492 (8th Cir. 1993). At this time, there is no basis for the Court to grant the relief Brandt seeks in this case. If Brandt ever successfully challenges his state child support judgment, he might be able to use a motion under § 2255 to challenge his federal conviction based on it. *See, e.g., Johnson*, 544 U.S. at 298 (one-year statute of limitations for § 2255 begins to run when petitioner receives notice of order vacating prior conviction if the order was sought with due diligence).

Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Brandt has not made such a showing. Accordingly,

IT IS ORDERED:

1. That Petitioner's Motions for Summary Judgment, docs. 30 and 32, are denied.

2. That all other pending motions are denied as moot.

3. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied; and

4. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 7th day of July, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)         DEPUTY